# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KOVIN BEY, #91947,<br>*also known as* **KOVIN BELL**,<br><br>   **Plaintiff**,<br><br>vs.<br><br>**MADISON COUNTY, ILLINOIS**(circuit court),<br>**NEIL SHRODER**,<br>**KERI DAVIS**,<br>**MIKE HARE**, and<br>**LT. COURT**,<br>   **Defendants**. | )<br>)<br>)<br>)<br>) **Case No. 17−cv–00459−SMY**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

  Plaintiff Kovin Bey (a/k/a Kovin Bell), a pre-trial detainee at Madison County Jail ("Jail")[1] located in Edwardsville, Illinois, brings this action against the Madison County Circuit Court, a circuit court judge, a prosecuting attorney and two officers at the Jail, pursuant to the 28 U.S.C. § 1983. Plaintiff claims that these individuals violated his constitutional rights in connection with criminal proceedings that are now pending in Madison County Circuit Court. (Doc. 1, pp. 8-9). He asks this Court to order that all charges be dropped against him, to order his release from custody, to expunge his records, to provide him with qualified executive immunity and to award him monetary damages. (Doc. 1, p. 10).

---

[1] Plaintiff was a pre-trial detainee at the time of filing. Public records from the Madison County Circuit Court indicate that Plaintiff's criminal charges remaining pending and that trial is scheduled for August 2017. However, it is unclear where Plaintiff is currently located. Plaintiff's mail was returned as undeliverable on July 12, 2017. (Doc. 7).

1

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Plaintiff's Complaint does not survive preliminary review under this standard.

## The Complaint

The Complaint consists of a list of constitutional deprivations that allegedly occurred in connection with Plaintiff's pending criminal proceedings in Madison County Circuit Court. (Doc. 1, pp. 8-9).[2] Plaintiff claims that Judge Shroder has violated his due process rights by

---

[2] Plaintiff does not provide a case number. Publically available records from the Madison County Circuit Court indicate that Plaintiff has two pending criminal actions: Case No. 2017-cf-610 (charging armed robbery and set for

waiving his first preliminary hearing and entering a plea of not guilty in Plaintiff's absence. (Doc. 1, p. 8). Plaintiff also contends that Judge Shroder and the prosecuting attorney have violated his right to due process and to a speedy trial. *Id.* Finally, Plaintiff contends that Officer Hare and Lieutenant Court failed to "respect" him as an "Aboriginal Indigenous American" by failing to notarize Plaintiff's affidavit, in violation of Plaintiff's right to self-determination. (Doc. 1, p. 9).

## **Discussion**

Based on the allegations in the Complaint, the Court finds it convenient to organize the *pro se* action into a single count:

**Count 1** - Defendants are illegally prosecuting Plaintiff in Madison County Circuit Court, in violation of his constitutional rights.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion as to its merit.

Plaintiff seeks the Court's intervention into his pending state criminal proceedings. This is improper for numerous reasons. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court announced the abstention doctrine. The doctrine discourages federal courts from taking jurisdiction over federal constitutional claims when doing so would interfere with pending state court proceedings. *See SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010). Specifically, under the abstention doctrine, federal courts must refrain from interfering in ongoing state proceedings that are "(1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Green v.*

---

trial on August 14, 2017) and Case No. 2017-cf-1499 (charging aggravated battery and set for trial on August 14, 2017)

*Benden*, 281 F.3d 661, 666 (7th Cir. 2002) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 436-37 (1982) and *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998)). *See also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *Sweeney v. Bartow*, 612 F.3d 571 (7th Cir. 2010); *Brunken v. Lance*, 807 F.2d 1325, 1330 (7th Cir. 1986); *Neville v. Cavanaugh*, 611 F.2d 673, 675 (7th Cir. 1979). An exception to the abstention doctrine is sometimes triggered by "extraordinary" or "special" circumstances that may include double jeopardy or the denial of a speedy trial. *Braden*, 410 U.S. at 489-92; *Sweeney*, 612 F.3d at 573.

The abstention doctrine is implicated here. Plaintiff seeks the Court's intervention in his pending state criminal proceedings which are judicial in nature and involve important state interests, *i.e.*, the adjudication of state criminal law violations. Plaintiff has not suggested that he is unable to seek meaningful review of his federal constitutional claims in the context of those proceedings. Beyond a conclusory assertion that he has been denied a speedy trial, he provides no extraordinary reason why the federal court's intervention into any of these matters is necessary. The litigation of Plaintiff's constitutional claims in federal court could certainly undermine ongoing state criminal proceedings. *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) (citing *Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995); *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004) (*en banc*); *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (7th Cir. 1998)).

Typically, a federal district court that is presented with a colorable federal civil rights claim for money damages should stay the federal claim, rather than dismiss it. This preserves the claim, so that it does not become time-barred while the criminal matter remains pending. However, this is not the typical case.

A stay of Plaintiff's constitutional claims is unwarranted. The Complaint fails to raise a colorable claim against any named defendants. With the exception of the officers at the Jail (Hare and Court), Plaintiff has named defendants who are not subject to suit under § 1983. For example, he names the Madison County Circuit Court as a defendant, but this defendant is not a person who is subject to suit. Additionally, Plaintiff sues a circuit court judge for solely judicial acts – this defendant is protected by absolute judicial immunity. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Forrester v. White*, 484 U.S. 219, 225-29 (1988); *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1872); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001); *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir.), *cert. denied*, 493 U.S. 956 (1989). Finally, the prosecuting attorney is immune from suit under § 1983 for money damages for the initiation and presentation of the State's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). *See also Bianchi v. McQueen*, 818 F.3d 309, 316 (7th Cir. 2016) ("Prosecutors are absolutely immune from liability for damages under § 1983 for conduct that is functionally prosecutorial; this immunity is understood to broadly cover all conduct associated with the judicial phase of the criminal process.").

The allegations in the Complaint against the officers at the jail are patently frivolous. Plaintiff contends that these defendants disrespected his "right to self-determination as an aboriginal indigenous American" by not notarizing his "affidavit of name and nationality." (Doc. 1, p. 9).[3] The Court is unaware of any authority suggesting that an officer's failure to notarize a legal document (that was eventually notarized by another officer) constitutes a constitutional violation.

---

[3] Plaintiff's statement suggests that he is part of what is commonly known as the "sovereign citizen" movement. For more information about "sovereign citizen" arguments, *see* J.M. Berger, Without Prejudice: What Sovereign Citizens Believe, GW: Program on Extremism (2016), *available at*: https://cchs.gwu.edu/sites/cchs.gwu.edu/files/downloads/OccasionalPaper_Berger.pdf.

Finally, Plaintiff seeks an order releasing him from confinement. This Court has no authority to order his release from custody. Monetary relief is available under § 1983, but release from custody is not. Such requests are more appropriately brought in a habeas petition filed in state or federal court.

For the foregoing reasons, Count 1 is dismissed with prejudice. Plaintiff shall also receive one of his three allotted "strikes" pursuant to 28 U.S.C. § 1915(g).

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** is **DISMISSED** with prejudice because it is frivolous. Plaintiff's Complaint (Doc. 1) and this action are **DISMISSED** with prejudice because they are also frivolous.

**IT IS ALSO ORDERED** that all Defendants are **DISMISSED** from this action with prejudice.

This Order in no way precludes Plaintiff from pursuing relief under state tort law or seeking state or federal habeas relief. *See Polk Co. v. Dodson*, 454 U.S. 312, n. 18 (1981). Further, the dismissal of this action is without prejudice to Plaintiff bringing a future civil rights suit against a non-immune defendant involved in his arrest or detention, following the conclusion of his pending state prosecutions. Nothing herein shall be considered a comment on the potential merits of such a suit.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. CIV. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** August 7, 2017

s/ STACI M. YANDLE
**District Judge**
**United States District Court**

7